**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RICHARD POWELL,<br><br>Plaintiff,<br><br>v.<br><br>AGENT LOVEN,<br><br>Defendant. | Civil Action No.: BAH-26-2908 |

**MEMORANDUM AND ORDER**

Plaintiff Richard Powell, who is incarcerated at Baltimore Central Booking and Intake Center, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). ECF 2. Because Powell appears indigent, his request to proceed without pre-payment of the filing fee is granted. The Court has reviewed the complaint, filed pursuant to 42 U.S.C. § 1983, in accordance with the requirements of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Powell alleges that prior to his incarceration, an individual named Joseph Anderson, recently released from prison himself, appeared at Powell's residence to intimidate him. ECF 1, at 4. Powell states that he contacted Mr. Anderson's probation officer, Defendant Agent Loven, to report the incident. *Id.* Loven did not know who Powell was referring to and did not take any action. *Id.* Powell alleges he was later assaulted by Mr. Anderson's "associate" resulting in a traumatic brain injury, which he also reported to Loven. *Id.* Loven replied that she could not locate Mr. Anderson "in the database" and again took no action. *Id.* at 4–5. After two days in the hospital, Powell states that Tavon Love, another one of Mr. Andersons's associates, followed him home and threatened Powell and his fiancé's lives. *Id.* at 5. Powell was subsequently incarcerated following an altercation with Mr. Love. *Id.* Powell brings this suit against Agent Loven and seeks

ten million dollars in damages. *Id.* For the reasons discussed below, Powell's complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss any complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Pursuant to 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, deprives them "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. However, § 1983 "is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017). "The first step in any such claim is to pinpoint the specific right that has been infringed." *Safar*, 859 F.3d at 245. A plaintiff must allege both (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint essentially contends that Agent Loven should have done something to prevent Anderson and his associate from assaulting Powell, but there is no such constitutional right. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005) (holding that there is no constitutional right to "hav[e] someone else arrested" even when a restraining order is in effect); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (holding that crime victims do

not have a constitutional right to a criminal prosecution). Powell's complaint fails because he does not allege any violation of his federal or constitutional rights.

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even liberally construing the Complaint, the Court cannot "ignore an obvious failure to allege facts setting forth a plausible claim for relief." *Sheehan v. Saoud*, 650 F. App'x 143, 152 (4th Cir. 2016) (citing *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)). Accordingly, the complaint must be dismissed.

Powell is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1724 (2020); *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under § 1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

Accordingly, it is this 30th day of October, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Powell's motion to proceed in forma pauperis (ECF 2) IS GRANTED;

2. The complaint IS DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);
3. The Clerk SHALL PROVIDE a copy of this memorandum and order to Powell; and
4. The Clerk SHALL CLOSE this case.

/s/
Brendan A. Hurson
United States District Judge